UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO LEYVA,<br><br>                              Petitioner,<br><br>v.<br><br>DIANE BARRIOS, Field Office Director; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>                             Respondents. | Case No.: 20-CV-81 JLS (AHG)<br><br>**ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241, AND (2) DIRECTING CLERK OF COURT TO OPEN NEW CASE UNDER 28 U.S.C. § 2255**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Sergio Leyva's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Petitioner is challenging the "[v]alidity of [a guilty] plea based on ineffective assistance of counsel" in *United States v. Leyva*, No. 15-CR-3033 JLS-2 (S.D. Cal. filed Dec. 8, 2015), *id.* at 3, specifically counsel's "failure to advise of immigration consequences of plea." *Id.* at 7. Although Petitioner claims that he is not "challenging the validity of [his] conviction or sentence as imposed" pursuant to 28 U.S.C. § 2255, *id.* at 5, Petitioner ultimately requests that the Court "[v]acate petitioner's conviction." *Id.* at 9.

Section 2241 applies where a prisoner "is in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2255, by

contrast, applies where "[a] prisoner in custody under sentence of a court established by Act of Congress [is] claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). In other words, a petition under Section 2241 challenges the manner of the execution of a sentence, whereas Section 2255 challenges the propriety of the sentence itself. *See Doganiere v. United States*, 914 F.2d 165, 169 (9th Cir. 1990).

Because Petitioner is challenging his sentence, rather than the conditions of his confinement, it appears that his Petition is appropriately brought pursuant to 28 U.S.C. § 2255, rather than 28 U.S.C. § 2241. *See Kreuzhage v. United States*, 165 F.3d 916 (9th Cir. 1998) (dismissing § 2241 petition without prejudice to filing of a motion pursuant to § 2255 where the petitioner's "quarrel is with the sentencing court and its imposition of the amended sentence") (unpublished); *see also Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("[R]estrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."). The Court therefore **DISMISSES** the Petition pursuant to 28 U.S.C. § 2241 as improperly pled and **DIRECTS** the Clerk of the Court to open a new case under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated: January 14, 2020

Hon. Janis L. Sammartino
United States District Judge